#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JONATHAN CERRILLO MARTINEZ,** <br> **#45347-013,** <br><br>    **Plaintiff,** <br><br> vs. <br><br> **KENNY BENZING** <br> **and RICH STEVENSON,** <br><br>    **Defendants.** | Case No. 20-cv-01278-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

  Plaintiff Jonathan Martinez, a detainee at Marion County Law Enforcement Center ("Jail"), brings this action pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff claims that he was attacked by three federal inmates on October 2, 2020, and nearby officers failed to intervene and stop the attack. (Doc. 8, pp. 5-6). He was also denied treatment for his injuries. (*Id*.). Plaintiff seeks money damages. (*Id*. at 7).

  This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). The allegations are liberally construed in favor of the *pro se* plaintiff at this stage. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

Case 3:20-cv-01278-JPG   Document 12   Filed 02/10/21   Page 2 of 5   Page ID #96

Based on the allegations in the Complaint (Doc. 8), the Court finds it convenient to designate the following enumerated counts in this *pro se* action:

**Count 1:** Defendants failed to intervene and stop three federal inmates from attacking Plaintiff on October 2, 2020, in violation of his rights under the Eighth and/or Fourteenth Amendment(s).

**Count 2:** Defendants denied Plaintiff medical care for unspecified injuries he sustained in an inmate attack on October 2, 2020, in violation of his rights under the Eighth and/or Fourteenth Amendment(s).

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

### Discussion

The Complaint does not survive preliminary review under 28 U.S.C. § 1915A. Plaintiff names Kenny Benzing and Rich Stevenson as defendants in the case caption, but he mentions neither one in the statement of his claim. Section 1983 creates a cause of action based on personal liability and predicated upon fault. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Liability does not "attach unless the individual defendant caused or participated in a constitutional violation." *Id*. Before the Court can determine whether Benzing or Stevenson caused or participated in a violation of Plaintiff's constitutional rights, Plaintiff must include them in the description of his claim. He should describe what each person did or failed to do in violation of his constitutional rights. He is not required to set forth detailed allegations. Plaintiff is only required to provide a brief description of each person's misconduct. *See* FED. R. CIV. P. 8(a)(2) (requiring a "short and plain statement" showing pleader is entitled to relief). Because he failed to do so in the Complaint, both defendants shall be dismissed without prejudice.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Plaintiff instead refers to unidentified officers who failed to intervene and stop the attack. He could have named the officers as defendants, if he intended to proceed with any claims against them. If he did not know their names, he could have used generic names instead (*e.g.*, Officer John Doe 1, Officer John Doe 2, etc.). But the Court will not add the officers as defendants on its own, and any claims against them should be considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption").

For these reasons, the Complaint does not survive preliminary review, and it shall be dismissed without prejudice for failure to state a claim for relief. If he would like to pursue his claims any further, Plaintiff will have an opportunity to do so by filing a First Amended Complaint. A successful complaint generally alleges "the who, what, when, where, and how. . . ." *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Therefore, Plaintiff should clearly identify who violated his constitutional rights by naming them in the case caption and stating how each defendant caused or participated in a constitutional deprivation in the body of the First Amended Complaint.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Complaint (Doc. 8) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before **March 10, 2021**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R.

CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering it void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. He should also list this case number on the first page (*i.e.*, Case No. 20-cv-1278-JPG). The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

The Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form for use in preparing the First Amended Complaint.

**IT IS SO ORDERED.**

DATED: 2/10/2021

                                                 s/J. Phil Gilbert
                                                 **J. PHIL GILBERT**
                                                 **United States District Judge**