IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JONATHAN CERRILLO MARTINEZ, #45347-013, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 20-cv-01278-JPG |
| KENNY BENZING and RICH STEVENSON, | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

This matter is before the Court for preliminary review of the First Amended Complaint filed by Plaintiff Jonathan Martinez on March 4, 2021. (Doc. 13). Plaintiff brings this action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). In the First Amended Complaint, Plaintiff claims that Sheriff Rich Stevenson and Jail Administrator Kenny Benzing failed to intervene and stop his attack by three federal inmates at Marion County Law Enforcement Center on October 2, 2020, and they also denied Plaintiff medical treatment for his resulting injuries. (Doc. 13, p. 6). He seeks monetary relief. (*Id*. at 7).

The First Amended Complaint is subject to review under 28 U.S.C. § 1915A. Section 1915A requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the First Amended Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

### First Amended Complaint

Plaintiff makes the following allegations in the First Amended Complaint (Doc. 13, p. 6): During his detention at Marion County Law Enforcement Center ("Jail"), Plaintiff was attacked by three federal inmates on October 2, 2020. (*Id*.). Sheriff Richardson and Jail Administrator Benzing did not intervene to stop the attack. (*Id*.). They also denied Plaintiff medical treatment for his resulting injuries. (*Id*.).

> **Count 1:** Defendants failed to intervene and stop three federal inmates from attacking Plaintiff on October 2, 2020, in violation of his rights under the Eighth or Fourteenth Amendment.
>
> **Count 2:** Defendants denied Plaintiff medical care for unspecified injuries he sustained in an inmate attack on October 2, 2020, in violation of his rights under the Eighth or Fourteenth Amendment.

**Any other claim that is mentioned in the First Amended Complaint (Doc. 13) but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

### Discussion

Plaintiff originally brought this action pursuant to 42 U.S.C. § 1983 (*see* Doc. 8), which imposes tort liability on state actors for violations of federal rights. *Belbachir v. County of McHenry*, 726 F.3d 975, 978 (7th Cir. 2013). However, he filed the First Amended Complaint (Doc. 13) pursuant to *Bivens*, which provides a private cause of action for damages against federal officials for constitutional torts. *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Claims against local officials are generally brought pursuant to § 1983, even when raised by federal detainees. *Belbachir*, 726 F.3d at 978. Because this matter involves claims against local actors, § 1983 likely provides the proper avenue to relief.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Section 1983 liability hinges on personal responsibility for or involvement in a constitutional deprivation. *Colbert v. City of Chicago*, 851 F.3d 649 (7th Cir. 2017); *Knight v. Wiseman*, 590 F.3d 458, 462-63 (7th Cir. 2009); *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (Liability does not "attach unless the individual defendant caused or participated in a constitutional violation."). *Respondeat superior* liability is not recognized in this context. *Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). For a supervisor to be held liable under § 1983, he "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye . . ." *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988).

It is unclear whether the Fourteenth Amendment standard applicable to pretrial detainees or the Eighth Amendment standard applicable to convicted persons governs Plaintiff's claims. *See McCann v. Ogle Cty., Illinois*, 909 F.3d 881, 886 (7th Cir. 2018) (citing *Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018)) (articulating legal standards for excessive force and medical claims brought by pretrial detainees); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006); (articulating standard applicable to failure-to-protect and medical claims brought by convicted prisoner). This is because Plaintiff has not indicated whether he was a pretrial detainee or convicted person when he was attacked and denied medical care on October 2, 2020. Regardless, a government official cannot be liable unless: (a) the official had reason to know that the plaintiff's rights were being violated; and (b) the officer could have realistically intervened to stop the person's rights from being violated and did not. *Gill v. City of Milwaukee*, 850 F.3d 335, 341 (7th Cir. 2017); *Chavez v. Ill. State Police*, 251 F.3d 612, 652 (7th Cir. 2001); *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994).

In conclusory fashion, Plaintiff alleges that the sheriff and jail administrator failed to intervene and stop his attack by federal inmates, and they also denied him medical care for his

3

injuries. He offers no other details. It is thus unclear whether they were aware of the serious risk of attack or the actual attack. It is also unclear whether they knew of his injuries. The Court cannot determine whether either defendant could have (or should have) intervened to stop the attack or to treat his injuries.

In Count 1, Plaintiff should have named as defendants those officers who knowingly failed to intervene and stop the attack. In Count 2, he should have named the officers who were aware of his injuries and nevertheless denied him necessary medical care. In connection with both, Plaintiff should have described what each defendant did, or failed to do, that infringed upon his constitutional rights. Having failed to describe his claims against each defendant in any detail at all, Plaintiff's claims cannot proceed against either one.

The First Amended Complaint does not survive preliminary review, and it shall be dismissed without prejudice for failure to state a claim for relief. If he would like to pursue his claims any further, Plaintiff will have an opportunity to do so by filing a Second Amended Complaint. A successful complaint generally alleges "the who, what, when, where, and how. . . ." *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Therefore, Plaintiff should clearly identify who violated his constitutional rights by naming them in the case caption and stating how each defendant caused or participated in a constitutional deprivation in the body of the Second Amended Complaint.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's First Amended Complaint (Doc. 13) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

Plaintiff is **GRANTED** leave to file a Second Amended Complaint on or before **June 15, 2021**. Should Plaintiff fail to file his Second Amended Complaint within the allotted

4

time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b).  *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).  The dismissal shall count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering it void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint.  Thus, the Second Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the Second Amended Complaint. He should also list this case number on the first page (*i.e.*, Case No. 20-cv-1278-JPG).  The Second Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a Second Amended Complaint.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

The Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form for use in preparing the Second Amended Complaint.

**IT IS SO ORDERED.**

**DATED: 5/18/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
