# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JONATHAN CERRILLO MARTINEZ, #45347-013, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>KENNY BENZING )<br>and RICH STEVENSON, )<br>)<br>Defendants. ) | Case No. 20-cv-01278-JPG |

## ORDER DISMISSING CASE

**GILBERT, District Judge:**

On December 1, 2020, Plaintiff Jonathan Martinez filed this action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). He claims that Sheriff Rich Stevenson and Jail Administrator Kenny Benzing failed to intervene and stop his attack by three federal inmates at Marion County Law Enforcement Center on October 2, 2020, and they denied him medical care for his injuries following the attack. (Doc. 13). The Court screened the original Complaint (Doc 8) and the First Amended Complaint (Doc. 13) pursuant to 28 U.S.C. § 1915A, but neither one survived preliminary review. (*See* Docs. 12 and 18).

The Court dismissed the First Amended Complaint without prejudice on May 18, 2021. (Doc. 18). However, Plaintiff was granted leave to file a Second Amended Complaint on or before June 15, 2021, if he wished to do so. (*Id*.). He was warned that failure to amend by this deadline would result in dismissal of the action with prejudice and a "strike." (*Id*.) (citing FED. R. CIV. P. 41(b); 28 U.S.C. § 1915(g)).

Plaintiff missed the deadline for filing a Second Amended Complaint. At least a week has passed since the deadline expired, and he has not requested an extension. The Court will not allow

1

this matter to linger indefinitely. This action shall be dismissed with prejudice for failure to comply with the Court's Order (Doc. 18) to file a Second Amended Complaint and/or to prosecute his claims. FED. R. CIV. P. 41(b).

## Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice based on Plaintiff's failure to comply with the Court's Order (Doc. 18) to file a Second Amended Complaint and/or prosecute his claims. See FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. See FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008). He must list each of the issues he intends to appeal in the notice of appeal. A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 6/22/2021**               s/J. Phil Gilbert
                                   **J. PHIL GILBERT**
                                   **United States District Judge**